IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KIRBY BARONVILLE,
    Petitioner,

vs.                                        Case No. 5:11cv12/RS/CJK

PAIGE AUGUSTINE,
    Respondent.
_____

## REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Respondent filed a response (doc. 7), to which petitioner replied (docs. 10, 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Southern District of Florida in *United States v. Baronville*, Case Number 0:08cr60151-WJZ. (Doc. 1, p. 2; Doc 7, Ex. 7). In Case No. 0:08cr60151,

petitioner pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (*Id*.; *see also United States v. Baronville*, Case Number 0:08cr60151, Tr. of Plea Colloquy at Doc. 54). As part of petitioner's plea, petitioner gave up his statutory right to appeal any sentence imposed by the court. (See *United States v. Baronville*, Case Number 0:08cr60151, Tr. of Plea Colloquy at Doc. 54, pp. 27-29). Petitioner was adjudicated guilty and sentenced on December 12, 2008, to 192 months imprisonment on Count 1, and a concurrent term of 120 months imprisonment on Count 3, followed by supervised release. Count 2 was dismissed. (Doc. 1 p. 2; Doc. 7, Ex. 7; *see also United States v. Baronville*, Case Number 0:08cr60151, Judgment at Doc. 43). The statutory maximum term of imprisonment for petitioner's drug trafficking offense was life imprisonment. 21 U.S.C. § 841(b)(1)(B); *see also United States v. Baronville*, Case Number 0:08cr60151, Tr. of Plea Colloquy at Doc. 54, p. 17. The statutory maximum for petitioner's firearm possession offense was ten years imprisonment. 18 U.S.C. § 922(g)(1); *see also* 18 U.S.C. § 924(a). Petitioner's actual sentence was based, in part, on the sentencing court's determination that petitioner was a career offender under USSG §4B1.1(b)(A), due to petitioner's 2003 conviction for robbery and petitioner's 2003 conviction for possession with intent to deliver cocaine. (Doc. 7, Ex. 2, Presentence Investigation Report ("PSR") filed in camera and under seal)).

Petitioner did not directly appeal from his judgment of conviction. (Doc. 1, p. 2). Petitioner has not collaterally attacked his conviction or sentence under 28 U.S.C. § 2255. (*Id*.). On September 2, 2010, petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582.

*See United States v. Baronville*, Case No. 0:08cr60151, Doc. 45). The sentencing court denied the motion on December 8, 2010. (*Id.*, Doc. 49).

Petitioner filed his § 2241 petition in this Court on January 12, 2011. (Doc. 1, p. 6). Petitioner attacks his sentence on the grounds that he "is actually innocent of being a career offender under retroactive U.S. Supreme Court precedent held in 'Begay' and 'Amendment 709' to the United States Sentencing Guidelines." (Doc. 1, p. 3). Petitioner argues that the two 2003 cases used by the sentencing court to enhance his sentence should not have been counted as separate offenses, because "[t]here was no intervening arrest between the offenses and Petitioner was sentenced on the same day for both offenses, in line with the criteria found in 'Amendment 709.'" (*Id.*). As relief, petitioner requests that he be resentenced without regard to the career offender enhancement. (*Id.*, p. 6).

## DISCUSSION

The execution or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the validity of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."); *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."). Direct review of a federal conviction and sentence is obtained by

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction. *Sawyer*, 326 F.3d at 1365; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Under limited circumstances, § 2255 permits a federal prisoner to file a habeas petition under § 2241. 28 U.S.C. §§ 2241(a), 2255. Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The italicized language, known as the "savings clause," allows habeas corpus review of a claim, but only in the following circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause applies only if the petitioner has satisfied all three elements. *Id.* This showing is significant, because a prisoner does not "open the portal" to a § 2241 proceeding until he has demonstrated that the savings clause applies to him. *Id*. at 1244 n. 3; *McGhee*, 604 F.2d at 10. ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner."). The unavailability of relief under § 2255 because of waiver, a statute of limitations bar,

the prohibition against a second or successive § 2255 motion, or a procedural bar, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.").

Here, petitioner's claims are § 2255 claims, because petitioner challenges the validity of his sentence as imposed, not how his sentence is being executed. Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, because he "is making a 'Begay/Gilbert' claim under the 'savings clause' alleging actual innocence. Petitioner is in prison due to a complete miscarriage of justice." (Doc. 1, p. 3). Petitioner further argues in his reply that § 2241 may be used as a substitute for § 2255, because his claim involves a "fundamental defect." (Doc. 10, pp. 2-4) (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); and *Gilbert v. United States*, 609 F.3d 1159 (2010), *vacated*, 625 F.3d 716 (11th Cir. 2010), *on reh'g*, 640 F.3d 1293 (11th Cir. 2011)). Petitioner's argument is foreclosed by Circuit precedent.

In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit rejected an identical argument, discussing all of the cases petitioner has cited. The court held that the savings clause does not apply to sentencing-error claims, even though the claim may no longer be raised in a § 2255 motion and the defendant's position has been vindicated by a subsequent change in the law, absent an allegation

that the sentencing guidelines were misapplied in a way that resulted in a sentence exceeding the statutory maximum. *Id.* at 1323-24. Here, petitioner was not convicted of a crime as to which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent. Petitioner's claims are sentencing claims that do not fall within the savings clause, because petitioner does not allege, and the record does not support a finding, that the career offender enhancement resulted in a sentence that exceeded the statutory maximum. Petitioner has not demonstrated the inadequacy of the § 2255 remedy, and should not be permitted to bring his claims by § 2241.

The Court declines to construe petitioner's § 2241 petition as a § 2255 motion, because that would be futile, providing no relief here. Petitioner received his federal sentence in the Southern District of Florida, and a § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a); *see Medberry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted"). This Court would lack jurisdiction over the § 2255 motion and would be required to dismiss the case. *See Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have obtained relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Title 28 U.S.C. § 1631 allows a district court to transfer a case over which it lacks jurisdiction if such a transfer is "in the interest of justice." It would not be in the interests of justice to transfer this case, because petitioner concedes that he "has

no avenue left for him due to the gatekeeping provisions of § 2255." (Doc. 12, p. 3). *See, e.g., Partee v. Attorney Gen., Ga.*, 451 F. App'x 856 (11th Cir. 2012) (district court did not err in declining to construe § 2254 petition as § 2255 motion and in dismissing petition instead of transferring case; if habeas petition were construed as § 2255 motion, district court lacked jurisdiction over motion, and would have had to transfer suit to district in which federal sentence was imposed, but interest of justice did not warrant transfer of construed motion).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 29th day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).